**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** § | |
| § | |
| v. § | **CRIMINAL NO. 6:20-CR-75-1-ADA** |
| § | |
| **JACKIE DALE JOHNSON** § | |
| § | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE ALAN D ALBRIGHT,
      UNITED STATES DISTRICT JUDGE

The undersigned submits this Report and Recommendation to the district judge pursuant to 28 U.S.C. § 636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. Before the Court is the petition of the United States Probation Office recommending the revocation of the Defendant's term of supervision. The district judge referred the matter to the undersigned for the preparation of a report and recommendation.

## I.  PROCEDURAL BACKGROUND

The Defendant was convicted of Aggravated Sexual Abuse, in violation of 18 U.S.C. § 2241. The Defendant was sentenced to One hundred and eighty (180) months imprisonment; ten (10) years supervised release; $24,779.43 restitution; and $100.00 special assessment. The Defendant was released to supervision on March 11, 2020. On August 12, 2024, the United States Probation Office filed a Petition for Warrant or Summons for Offender Under Supervision, alleging the Defendant violated the terms of his supervision and seeking a show-

cause hearing as to why the Defendant's supervision should not be revoked. The petition alleges the Defendant violated the terms of his supervision in the following instances:

> **Violation Number 1:** The defendant violated his special condition, in that on or about August 12, 2024, he failed to complete inpatient mental health treatment at the Central Texas Veterans Affairs.
>
> **Violation Number 2:** The defendant violated his special condition, in that on or about August 8, 2024, he failed to complete his sex offender treatment.
>
> **Violation Number 3**: The defendant violated his mandatory conditions #1 and #6, in that on or about July 18, 2024, the defendant failed to register with the local law enforcement authority within seven days after the defendant's arrival in the county, after his release from jail, where the defendant intended to reside for more than seven days, in violation of T.P.C. § 62.
>
> **Violation Number 4:** The defendant violated his mandatory condition #2, in that on or about July 9, 2024, he used a controlled substance.
>
> **Violation Number 5:** The defendant violated his mandatory condition #8, in that on or about August 12, 2024, he failed to pay his restitution as ordered by the Court. Factual Basis: Mr. Johnson has been reminded on numerous occasions to pay his $24,356.57 in restitution as originally ordered in this case. He has failed to pay any amount towards his restitution other than "unclaimed funds" from his 2021 BOP incarceration being applied.
>
> **Violation Number 6:** The defendant violated his standard condition #5, in that on or about August 12, 2024, he failed to work regularly at a lawful occupation.

At the hearing, Defendant pleaded TRUE as to violation numbers 1, 2, 4, and 5, and NOT TRUE as to violation number 3. The Government proceeded by proffer to present evidence to support a finding of TRUE to violation number 3 by a preponderance of the evidence. Additionally, the petition contained a sufficient factual basis to support all of the violations.

## II. FINDINGS OF THE COURT

1. The Court is persuaded by the government's proffer, that Defendant committed violation number 3.

2. The Defendant violated the conditions of his supervision as alleged in the petition.

3.  The Defendant was competent to make the decision to enter a plea of TRUE to the allegations underlying violations 1, 2, 4, 5, and 6.

4.  The Defendant had both a factual and rational understanding of the proceedings against him.

5.  The Defendant did not suffer from any physical or mental impairment that would affect his ability to fully understand the charges against him or the consequences of his plea.

6.  The Defendant has not had any injury that would affect his judgment in entering a plea or that would affect his understanding of the basis, consequences, or effect of his plea.

7.  The Defendant was sane and mentally competent to stand trial for these proceedings.

8.  The Defendant was sane and mentally competent to assist his attorney in the preparation and conduct of his defense.

9.  The Defendant received a copy of the petition naming him, and he either read it or had it read to him.

10. The Defendant understood the petition and the charges alleged against him and had the opportunity to discuss the petition and charges with his attorney.

11. The Defendant understood that he had the right to present evidence and to cross-examine witnesses at the hearing.

12. The Defendant freely, intelligently, and voluntarily entered his plea of TRUE to the allegations in violations and 1, 2, 4, 5, and 6.

13. The Defendant understood his statutory and constitutional rights and desired to waive them.

14. The petition contains a sufficient factual basis to Defendant's pleas of TRUE to violations numbered 1, 2, 4, 5, and 6.

15.     The government presented sufficient evidence to support a finding of TRUE as to violation number 3.

### III.  RECOMMENDATION

The undersigned has carefully considered all the arguments and evidence presented by the parties and **RECOMMENDS** that the Defendant's supervised release be revoked, and Defendant sentenced to nine (9) months imprisonment, with the Defendant to receive mental health treatment while in custody.  It is **FURTHER RECOMMENDED** that Defendant's term of imprisonment be followed by five (5) years of supervised release, with all original conditions of release to remain in place, along with the additional condition that Defendant be required to attend mental health treatment while on supervised release.

### IV.  WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The district court need not consider frivolous, conclusive, or general objections. *See Battles v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the district judge of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district judge. *See* 28 U.S.C. 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED this 10th day of September, 2024.

_____
DEREK T. GILLILAND
UNITED STATES MAGISTRATE JUDGE